IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN CASAUS,

    Petitioner,

v.                                                         Civ. No. 20-1269 WJ/KK

TIMOTHY HATCH,

    Respondent.

**ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL
AND SETTING DEADLINE FOR PETITIONER TO FILE
AN AMENDED COMPLAINT**

THIS MATTER is before the Court on Petitioner Steven Casaus's *pro se* "Petition for Writ of Habeas Corpus (28 U.S.C. §[] 2254)" (Doc. 24) (the "Motion"), filed July 18, 2022, which, for the reasons discussed below, the Court construes as a motion to appoint counsel. Having reviewed the Motion, the record, and the relevant law, the Court finds that Petitioner's Motion is not well taken and should be DENIED. The Court will fix a deadline for Petitioner to file an amended petition if he chooses to do so.

**I. PROCEDURAL BACKGROUND**

On September 15, 2015, a jury in the Second Judicial District Court of the State of New Mexico found Mr. Casaus guilty of (1) recklessly causing or permitting child abuse resulting in death (medical neglect); (2) recklessly causing or permitting child abuse not resulting in death or great bodily harm (burning); (3) tampering with evidence; (4) bribery of N.V.; and (5) bribery of E.V. (Doc. 11-1 at 25–33); *New Mexico v. Casaus*, Case No. D-202-CR-2014-1975; *New Mexico*

*v. Casaus*, Case No. D-202-CR-2015-1416.[1] The state district court sentenced Mr. Casaus to a total term of 35 years' imprisonment, 5 years suspended, for an actual term of 30 years in the custody of the Department of Corrections. (Doc. 11-1 at 79–82.) Presently, Mr. Casaus is an inmate at the Northeast New Mexico Detention Facility in Clayton, New Mexico. (Doc. 1 at 2; Doc. 11-1 at 20–22.)

On December 7, 2020, Mr. Casaus filed a *pro se* federal habeas petition raising four grounds for relief (the "Petition"). (Doc. 1.) Respondent answered on August 9, 2021, arguing that only one of the four grounds is "both fully exhausted and properly before this Court" because Mr. Casaus's other claims are either unexhausted, "jurisdictionally off-limits" or "procedurally barred[.]" (Doc. 11 at 8.) He states he "does not object to allowing Mr. Casaus to dismiss those claims that are unexhausted and/or not properly before this Court, . . . in favor of moving forward with the one claim that is both exhausted and procedurally proper[.]" (*Id*. at 11.) He requests that the Court "direct Mr. Casaus, should he wish to continue to pursue federal habeas review, to dismiss [all but the exhausted claim], and file an amended petition based solely on [that claim]." (*Id*. at 12.)

On January 4, 2022, Mr. Casaus filed a motion to appoint an attorney, which the Court denied. (Docs. 14, 15.) After the Court granted four extensions of time to file a reply, Mr. Casaus filed the present Motion on July 18, 2022. (Doc. 24.) In the Motion, Mr. Casaus asks the Court to "reconsider appointing me an attorney to move forward in seeking full relief," and states, "if not, then I feel I should take Respondent[']s option in favor of moving forward to dismiss the other claims and continue to move forward with the one claim that is both exhausted and procedurally

---

[1] These cases were joined for trial. (Doc. 11-1 at 242.)

proper[.]" (*Id*. at 3.) He also states, "I feel that it would be [sic] appropriate balance to choose that which the Court is directing me[,]" and, "That being said, I file and amend this petition based solely on [the exhausted claim], as recommended by this Court." (*Id*.)

## II. DISCUSSION

The Court construes Petitioner's filing titled "Petition for Writ of Habeas Corpus (28 U.S.C. §[] 2254)" as a motion to appoint counsel because that is the only relief specifically requested in it. The Court will deny the Motion to appoint counsel. As discussed in the Court's Order Denying Appointment of Counsel (Doc. 15), prisoners have no "constitutional right to counsel when mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).[2] "The decision to appoint counsel is left to the sound discretion of the district court[.]" *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When considering a motion for appointment of counsel, the Court considers "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Beyond a single line in the Motion requesting that the Court reconsider its Order Denying Appointment of Counsel (Doc. 24 at 3), Petitioner has again failed to demonstrate that his claims have sufficient merit to warrant the appointment of counsel. *Hill,* 393 F.3d at 1115. Moreover,

---

[2] By rule, there *is* a right to appointed counsel in Section 2254 cases where "an evidentiary hearing is warranted" and the petitioner "qualifies to have counsel appointed under 18 U.S.C. § 3006A." R. Governing Section 2254 Cases in U.S. Dist. Ct., R. 8(c). However, at present, the Court has not found that an evidentiary hearing is warranted in this case, nor does Petitioner argue that such a hearing is necessary.

Petitioner appears to understand the facts and issues in the case and to be presenting his claims in a capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995) (finding no error in the district court's denial of a motion to appoint counsel where the plaintiff demonstrated ability to present his case).

Further, it is not clear from Petitioner's statements in the Motion whether Petitioner wishes to amend the Petition voluntarily or whether Petitioner disputes Respondent's argument his claims are barred by a failure to exhaust them in state court, procedural rules, or lack of jurisdiction. Contrary to Petitioner's statements, the Court has not directed Petitioner to amend the Petition. Because Petitioner's statements are ambiguous, the Court will fix a deadline for Petitioner to file an amended petition if he wants to. If Petitioner chooses not to file an amended petition within the deadline set below, the Court will consider the Petition and Respondent's Answer to it.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Casaus's motion to appoint counsel. If he wants to file an amended petition,[3] Petitioner must do so no later than **Monday, February 21, 2023**.

IT IS SO ORDERED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[3] If an amended petition is filed, it should be titled "Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254."