IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN CASAUS,

    Petitioner,

vs.                                                                                                                       Civ. No. 20-1269 WJ/KK

TIMOTHY HATCH, *et al*,

    Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

In 2015, Petitioner Steven Casaus was charged in the Second Judicial District Court of the State of New Mexico with multiple crimes related to the death of nine-year-old Omaree Varela. A jury convicted Mr. Casaus of four charges, and he was sentenced to a total term of 35 years of imprisonment. (Docs. 11 at 2–3; 11-1 at 79–82.) On direct appeal, one conviction was reversed, and the others affirmed. (Doc. 11-1 at 239.) Mr. Casaus' state habeas petition seeking reversal of the four remaining convictions was unsuccessful. (*Id*. at 543, 557.)

Now before the Court is Mr. Casaus' *pro se* "Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a Person in State Custody" (the "Petition"), in which Mr. Casaus seeks reversal of the remaining convictions. (Doc. 1.) Chief United States District Judge William Johnson referred this case to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. (Doc. 7.) I find that Mr. Casaus has filed a mixed petition containing both exhausted and unexhausted claims. For the reasons set forth below, I recommend that the Court fix a 30-day deadline for Mr. Casaus to voluntarily dismiss his unexhausted claims. If, within thirty days, Mr. Casaus does not elect to dismiss the unexhausted claims, I recommend dismissing the Petition without prejudice.

1

I.  **BACKGROUND**

On September 15, 2015, a jury found Mr. Casaus guilty of (1) recklessly causing or permitting child abuse resulting in death based on medical neglect; (2) recklessly causing or permitting child abuse not resulting in death or great bodily harm based on cigarette burns; (3) tampering with evidence for cleaning Omaree's body; and (4) two counts of bribery of Omaree's siblings. (Doc. 11-1 at 25–33, 79–82); *New Mexico v. Casaus*, Case No. D-202-CR-2014-1975; *New Mexico v. Casaus*, Case No. D-202-CR-2015-1416.[1] The state district court sentenced Mr. Casaus to a total term of 35 years' imprisonment, 5 years suspended, for an actual term of 30 years in the custody of the New Mexico Department of Corrections. (Doc. 11-1 at 79–82.)[2]

Represented by counsel, Mr. Casaus appealed to the New Mexico Court of Appeals, arguing that there was insufficient evidence to support his convictions. (Doc. 11-1 at 93–239, 251–268.) He also argued that the state district court erred by denying his motion for a continuance and his request for a jury instruction on causation, as well as by denying admission of portions of his statement to law enforcement. (*Id*. at 243–250.) Finally, he argued that these errors cumulatively rendered his trial unfair. (*Id*. at 268.)

The New Mexico Court of Appeals vacated the conviction for child abuse resulting in death based on medical neglect for insufficient evidence. (Doc. 11-1 at 261.) It held that there was sufficient evidence supporting the other four convictions, that the district court had not erred in management of the trial, admission of evidence, or in instructing the jury, and that those alleged errors did not cumulatively render the trial unfair. (*Id*. at 243-268.)

---

[1] These cases were joined for trial. (Doc. 11-1 at 242.)
[2] Presently, Mr. Casaus is an inmate at the Northeast New Mexico Detention Facility in Clayton, New Mexico. (Doc. 1 at 2; *see* New Mexico Corrections Department Offender Search, https://www.cd.nm.gov/offender-search/, accessed October 5, 2023.)

Mr. Casaus petitioned the New Mexico Supreme Court for a writ of certiorari, arguing that the New Mexico Court of Appeals erred in its evaluation of the evidence supporting the charges for tampering with evidence, child abuse not resulting in death, and bribery of a witness. (Doc. 11-1 at 270–283.) He also reiterated his argument that the district court erred by refusing to grant a continuance and by denying admission of portions of Mr. Casaus' statement to law enforcement. (*Id.*) The New Mexico Supreme Court denied the petition for writ of certiorari (Doc. 11-1 at 300), and, on March 27, 2020, the state district court entered an amended judgment and sentence in accordance with the New Mexico Court of Appeals' reversal of the conviction for child abuse based on medical neglect. (*Id*. at 309–311.)

Mr. Casaus, acting pro se, then filed a state habeas petition to "get the 4 remaining convictions overturned because [there] is no evidence to support these claims." (Doc. 11-1 at 312; *see* Doc. 11-1 at 535.) The state district court denied that petition because Mr. Casaus' arguments were "based on the same arguments and facts presented in his direct appeal." (Doc. 11-1 at 543-545.) The New Mexico Supreme Court denied certiorari review. (Doc. 11-1 at 557.)

On December 7, 2020, Mr. Casaus, acting pro se, filed the present federal habeas petition, alleging that his convictions and errors at trial violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (Doc. 1.) On August 9, 2021, Respondent filed a limited answer in which he contends that Mr. Casaus' Petition includes both exhausted and unexhausted claims, some of which are procedurally barred, and, therefore, only Ground 4 is properly before the Court. (*See* Doc. 11 at 8.) He states he "does not object to allowing Mr. Casaus to dismiss those claims that are unexhausted and/or not properly before this Court, . . . in favor of moving forward with" Ground 4 and asks the Court to instruct Mr. Casaus

3

to amend his Petition to delete the unexhausted or procedurally defaulted claims and allow Respondent to file a supplemental answer addressing the merits of Ground 4. (*Id*. at 11, 12.)

The Court granted Mr. Casaus four extensions of time to file a reply to Respondent's limited answer. His first request was filed on December 6, 2021, by which time the reply was already long overdue. (Doc. 12.) Nevertheless, on December 7, 2021, the Court granted the motion and extended the time for Petitioner to file his reply to February 7, 2022. (Doc. 13.) On January 4, 2022, Mr. Casaus filed a motion to appoint an attorney, which the Court denied. (Docs. 14, 15.) Petitioner's second and third letter motions seeking an extension of the reply deadline were filed on February 4, 2022, and March 10, 2022, respectively, pursuant to which the Court extended his reply deadline to March 9, 2022, and then April 13, 2022. (Docs. 16, 18–20.) On Mr. Casaus' fourth motion, the Court further extended the reply deadline to July 19, 2022. (Docs. 21, 23.)

Instead of filing a reply, Mr. Casaus filed a "Petition for Writ of Habeas Corpus (28 U.S.C. §[] 2254)" on July 18, 2022. (Doc. 24.) In that filing, Mr. Casaus asked the Court to "reconsider appointing me an attorney to move forward in seeking full relief." (*Id*.) He also acknowledged the Respondent's exhaustion arguments and stated that he did "not understand[] what to do" in response to those arguments. (*Id*. at 1.) He also stated, "I feel that it would be [sic] appropriate balance to choose that which the Court is directing me[,]" and, "That being said, I file and amend this petition based solely on Ground Four, as recommended by this Court." (*Id*. at 3.) Mr. Casaus did not attach an amended petition. (*Id*.)

The Court construed the filing as a motion to appoint counsel and denied it. (Doc. 25.) It also found that "it is not clear from [Mr. Casaus'] statements" whether Mr. Casaus wished to amend the Petition voluntarily or whether he disputes Respondent's arguments that his claims are

4

barred by a failure to exhaust them in state court or by procedural rules. (*Id*. at 4.) The Court noted that it had not directed Mr. Casaus to amend his Petition and fixed a deadline for Mr. Casaus to file an amended petition if he so chose. (*Id*.) The Court stated, "If [Mr. Casaus] chooses not to file an amended petition within the deadline set [in the order], the Court will consider the Petition and Respondent's Answer to it." (*Id*.)

On request by Mr. Casaus, the Court extended the deadline to file an amended petition, and, on July 10, 2023, Mr. Casaus filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," in which he asserts the same grounds for relief as stated in his original petition. (Docs. 26, 27, 28.) He did not attach an amended petition. (Doc. 28.) On September 6, 2023, the Court Ordered that this new, duplicative filing be stricken. (Doc. 29.)

In sum, despite having nearly two years to do so, Mr. Casaus has neither replied to the Respondent's exhaustion and procedural default arguments nor amended his Petition. The Court therefore will consider the Petition and Respondent's Answer.

## II.  LAW ON EXHAUSTION AND PROCEDURAL DEFAULT

A federal district court may not consider the merits of a § 2254 habeas petition unless the Petitioner "has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). To exhaust state court remedies, a petitioner must "properly present[]" the issue "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In other words, "[t]o exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*,

526 U.S. 838, 845 (1999)). The petitioner bears the burden of showing that he exhausted all his claims before the highest state court. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

A related rule is known as "procedural default." This doctrine "prevents a federal court from reviewing 'the merits of a claim—including constitutional claims—that a state court declined to hear because the prisoner failed to abide by a state procedural rule.'" *Williams v. Trammell*, 782 F.3d 1184, 1212 (10th Cir. 2015) (quoting *Martinez v. Ryan,* 566 U.S. 1, 9 (2012)). The state procedural rule at issue must be "adequate and independent." *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Matthews v. Workman,* 577 F.3d 1175, 1195 (10th Cir.2009)). A state procedural rule "'is independent if it relies on state law, rather than federal law,' and is 'adequate if it is firmly established and regularly followed.'" *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2777 (2022) (quoting *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008)).

In addition, federal courts may deem an unexhausted claim procedurally defaulted if it "would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1140 n.7 (10th Cir. 2007) (quoting *Moore v. Schoeman,* 288 F.3d 1231, 1233 n.3 (10th Cir.2002)). In other words, "if the court to which [p]etitioner[s] must present [their] claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992). Under this so-called "anticipatory procedural default" doctrine, such claims are "technically exhausted" because there is no further avenue for review in the state courts. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991), *holding modified on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012).

6

"A procedural bar or an anticipatory procedural bar creates an affirmative defense which the state may raise." *Tryon v. Quick*, 81 F.4th 1110, 1139 (10th Cir. 2023). If the state does not raise a procedural default defense, that defense is waived. *Hooks v. Ward*, 184 F.3d 1206, 1216 (10th Cir. 1999) ("There is no doubt that 'state-court procedural default . . . is an affirmative defense,' and that the state is 'obligated to raise procedural default as a defense or lose the right to assert the defense thereafter.'" (quoting *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996)); *Mitchell v. Sharp*, 798 F. App'x 183, 192 n.8 (10th Cir. 2019)[3] (stating that the state "failed to argue procedural default either in district court or on appeal[, therefore] any affirmative defense based on . . . res judicata ground for denying relief is waived").

If a petition is a "mixed petition," in that it contains both exhausted (including technically exhausted) and unexhausted claims, petitioners must either return to state court to exhaust their unexhausted claims or amend their federal petitions to submit only the exhausted claims, because a federal district court "may not adjudicate mixed petitions[.]" *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (quoting *Rhines v. Weber*, 544 U.S. 269, 273 (2005)).

### III. ANALYSIS

In the Petition, Mr. Casaus raises five grounds for relief. In Ground 1, he contends that there is no evidence that he committed the crimes of which he was convicted,[4] and in Ground 4,

---

[3] Unpublished decisions are not binding precedent in the Tenth Circuit but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

[4] Respondent construes Ground 1 as a challenge only to the sufficiency of the evidence supporting the conviction for child abuse resulting in death based on medical neglect and argues that Ground 1 is moot because that conviction was vacated on direct appeal. (Doc. 11 at 8.) The Court agrees that a challenge to that conviction is moot. *See* (Doc. 11-1 at 240, 309.) However, construing the Petition liberally, the Court finds that Ground 1 challenges the evidence supporting all of his convictions. (*See, e.g.,* Doc. 1 at 8–9 (referring to being convicted for "*crimes* not committed" and there being "no legitimate evidence of *any* criminal activity" (emphasis added)); *see also* Doc. 28 at 5 (stating there was "no legitimate evidence to charge me with any crime" and stating that his first ground for relief is "[b]eing held accountable for crimes that do not exist or he even committed"). Ground 1 is not moot as to the four remaining convictions.

he challenges the conviction for tampering with evidence, arguing that "nowhere did [he] attempt to hide, change, or re-direct any of his actions pertaining to the well[-]being of Omaree[.]" (*Id*. at 8, 14.) Grounds 1 and 4 rest on the same basis: the alleged lack of evidence supporting his convictions. In Grounds 2 and 3, Mr. Casaus argues that the State manipulated a minor witness, N.V., into making incriminating statements and that the state district court abused its discretion by denying Mr. Casaus' motion for an independent psychological evaluation assessing N.V.'s memory of the day of Omaree's death. (*Id*. at 11–13.) Finally, in Ground 5, he argues that these alleged errors cumulatively denied him a fair trial. (*Id*. at 15.)

Although Mr. Casaus cites cases addressing the constitutional right to a speedy trial and the Code of Judicial Conduct, he did not develop legal arguments based on these authorities. (Doc. 1 at 10, 13.) Because Mr. Casaus is proceeding *pro se*, the Court construes his pleadings liberally, but does not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). I therefore do not address these undeveloped issues.

Grounds 1 and 4 are exhausted. Mr. Casaus argued that the evidence was insufficient to support his convictions both on direct appeal and in a state habeas petition to the New Mexico Supreme Court. (Doc. 11-1 at 261–268, 313, 557.) Hence, his claims that there was no evidence supporting his convictions for child abuse not resulting in death, tampering with evidence, and bribery of a witness are exhausted.

Grounds 2, 3, and 5 are not exhausted. Mr. Casaus did not allege that the State manipulated N.V. (Ground 2) or that the district court erred by denying his motion for a psychiatric evaluation

8

of N.V. (Ground 3) on direct appeal or in a habeas petition before New Mexico's highest court.[5] (*See* Doc. 11-1 at 122–123, 239–269, 273–274, 543–545.) *Dever*, 36 F.3d at 1534 (exhaustion requires presentation of the same issue to the state's highest court).

In Ground 5, Mr. Casaus asserts that the cumulative effect of Grounds 1 through 4 rendered his trial unfair. While Mr. Casaus alleged on direct appeal that "cumulative error" rendered his trial unfair, that assertion was based on the specific errors raised on appeal, to wit, the district court's denial of Mr. Casaus' motions for continuance and requested jury instruction, and admission of Mr. Casaus' statement to law enforcement. (Doc. 11-1 at 122–23.) Ground 5 does not rest on those errors but on the cumulative effect of Grounds 1 through 4. The question of whether Mr. Casaus was deprived of a fair trial by the cumulative effect of Grounds 1 through 4 has not been presented to the state's highest court. Therefore, Ground 5 has not been exhausted. *Gonzales v. McKune,* 279 F.3d 922, 925 (10th Cir.2002) (finding that a petitioner had not exhausted a cumulative error claim even though each separate claim of error had been exhausted because the state's highest court had not been asked to consider the cumulative effect of those errors); *Menzies v. Crowther*, No. 03-CV-0902-CVE-FHM, 2019 WL 181359, at *73 (D. Utah Jan. 11, 2019) (stating, "While petitioner raised a claim of cumulative error in his direct appeal, that claim included only the individual errors that he claimed on direct appeal" and holding that

---

[5] Mr. Casaus asserted in his docketing statement to the New Mexico Court of Appeals that the trial court erred by denying his motion for a psychiatric examination of N.V. but abandoned that argument by not including it in his brief in chief. *Compare* (Doc. 11-1 at 96) *with* (Doc. 11-1 at 121–170); *Maes v. Thomas*, 46 F.3d 979, 986 (10th Cir. 1995) (collecting cases and stating, "New Mexico courts have consistently applied the rule that deems all issues abandoned that are not raised in an appellant's brief in chief"); *Armijo v. Looney*, No. CV-07-0105 MCA/LAM, 2008 WL 11440666, at *9 (D.N.M. June 18, 2008) (noting that, under Rule 12-502 NMRA, only issues decided by the Court of Appeals may be raised in a petition for writ of certiorari by the New Mexico Supreme Court), *report and recommendation adopted,* No. CV-07-0105 MCA/LAM, 2008 WL 11440665 (D.N.M. Aug. 28, 2008). That issue, therefore, was not fairly presented to state courts.

the cumulative effect of the errors raised on habeas had not been exhausted), *aff'd sub nom. Menzies v. Powell*, 52 F.4th 1178 (10th Cir. 2022).

Citing New Mexico rules governing appellate and habeas review, Respondent argues cursorily that an anticipatory procedural bar would preclude state court review of Grounds 3 and 5, and that those claims are therefore technically exhausted. (Doc. 11 at 9–10.) I find that Respondent's threadbare argument does not meet his burden on this affirmative defense which, if valid, would require dismissal of those claims with prejudice. *Fairchild*, 579 F.3d at 1141 ("The state bears the burden of proving the adequacy of a procedural bar as it is 'undoubtedly in a better position to establish the regularity, consistency and efficiency with which it has applied [its own rules] in the past.'" (quoting *Hooks,* 184 F.3d at 1217); *Tryon*, 81 F.4th at 1139; *Bramlett v. Champion*, 28 F. App'x 868, 873 (10th Cir. 2001) (holding that the respondent's "vague assertion" that a claim was procedurally barred was "insufficient to preclude consideration of the merits of" the petitioner's claim); *Thompson v. Champion*, 996 F.2d 311 n.4 (10th Cir. 1993) (Table) ("If federal habeas review of [a p]etitioner's claim is barred by his state procedural default, . . . the petition should be dismissed with prejudice."); *Med. Blanket v. Brill*, 425 F. App'x 751, 756 (10th Cir. 2011) (the district court correctly dismissed procedurally defaulted claims with prejudice). Even if Respondent had met his burden of demonstrating that Grounds 3 and 5 are procedurally defaulted and thus technically exhausted, the Petition would still be mixed because, as Respondent concedes, Ground 2 is unexhausted.

Because the Court may not adjudicate mixed petitions, the Court is left to do one of four things:

(1) Dismiss the mixed petition in its entirety;

(2) Stay the petition and hold it in abeyance while Mr. Casaus returns to state court to exhaust his unexhausted claims;

(3) Permit Mr. Casaus to dismiss the unexhausted claims and proceed with exhausted claims in this federal civil action; or,

(4) Ignore the exhaustion requirement altogether and deny the petition on the merits if none of Mr. Casaus' claims has merit.

*Fairchild*, 579 F.3d at 1156. I recommend against the second and fourth options.

The stay-and-abeyance procedure set forth in the second option is appropriate only in limited circumstances: "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[,]" *and* that the petitioner's unexhausted claims are "potentially meritorious," *and* that "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78; *see also Fairchild*, 579 F.3d at 1152-53. On the present record, I find that the three prerequisites for the stay-and-abeyance procedure have not been met. Similarly, regarding the fourth option, I cannot determine from the current record that Mr. Casaus' unexhausted claims are plainly meritless.

While the Court could exercise the first option and dismiss the mixed Petition now, I find the better option is to give Mr. Casaus "the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to" this Court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Specifically, I recommend giving Mr. Casaus thirty days to voluntarily dismiss his unexhausted claims and proceed with his exhausted claims. If Mr. Casaus

11

fails to dismiss the unexhausted claims, I recommend that the Court dismiss the Petition without prejudice.

In deciding whether to withdraw his unexhausted claims and pursue only his exhausted claims in this action, Mr. Casaus may assess the ramifications of the two options recommended herein. If Mr. Casaus chooses to dismiss his unexhausted claims and pursue Grounds 1 and 4 only, "he could lose the opportunity to litigate his presently unexhausted claims in federal court," because the unexhausted claims could be characterized as "second or successive" in a subsequent federal action under Section 2254. *Id.* at 514, 521; 28 U.S.C. § 2244(b); *see also Tapia v. Lemaster*, 172 F.3d 1193, 1194–96 (10th Cir. 1999). On the other hand, if Mr. Casaus chooses not to voluntarily dismiss his unexhausted claims and the Court adopts my recommendation, his mixed petition will be dismissed in its entirety without prejudice. Mr. Casaus should consider whether state and/or federal statutes of limitation may bar some or all of his claims (whether exhausted or not) should he try to pursue them in state and/or federal court in the future. *See* § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (the statute of limitations is not tolled during the pendency of a federal habeas petition).

## IV. RECOMMENDATION

For the foregoing reasons, I recommend that the Court fix a 30-day deadline for Mr. Casaus to voluntarily dismiss his unexhausted claims (Grounds 2, 3, 5). I further recommend that, if Mr. Casaus fails to dismiss Grounds 2, 3, and 5 within the deadline, the Court dismiss the mixed Petition without prejudice.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**